## THOMAS EAST v. MICHAEL CAIN.

*Trespass—Plea in abatement—Variance.*

A plea in abatement to an action of trespass brought in the name of one plaintiff is bad in merely stating that said plaintiff "before and at the time of the commencement of the suit" was part owner of the premises with another person specified. It should show that some one besides plaintiff had an interest at the time of the trespass.

Whether a plea in abatement to an action of trespass brought before a
   justice raises a question of title which cannot properly be enter-
   tained without the filing of the bond required by Comp. L. § 5327 is
   unimportant if the plea is bad in itself.

If a plea in abatement was bad defendant is not prejudiced by over-
   ruling the objection that it ought to have been disposed of before
   going into the merits.

Under a declaration in trespass alleging that defendant, with cattle, to-
   wit: horses, hogs and oxen trod down, trampled upon and destroyed
   the grass, corn, etc., of plaintiff and other injuries to him then and
   there did to his damage, etc, it is not error to admit evidence that
   part of the damage was done by defendant's *cows*, as the gist of the
   action is the forcible entry, and no precise certainty is requisite; nor
   is it error to admit evidence, under the allegation of other injuries,
   that corn cut from the stalks and apples fallen to the ground were
   destroyed.

In an action between adjacent owners for trespass by cattle the plaintiff
   cannot recover if the responsibility for the support of the line fence
   has been divided under Comp. L. § 769, and the cattle entered in
   consequence of his failure to keep up his share; but defendant has
   the burden of proving that such division was made.

Error to St. Clair.  Submitted Oct. 18.  Decided Oct. 31.

TRESPASS.  Defendant brings error.  Affirmed.

*Atkinson & Stevenson* for appellant.

*William T. Mitchell* for appellee.

GRAVES, C. J.  The parties owned and occupied adjoining
farms, and the plaintiff brought trespass *quare clausum fregit*
before a justice of the peace and filed a declaration in writ-
ing in which he alleged in due form that the defendant
entered on the first day of October, 1876, and repeated his
entries at divers other times between that date and the com-
mencement of the suit, " and with his feet in walking and
with cattle, to-wit, horses, hogs and oxen, trod down, tram-
pled upon and destroyed the grass, corn and other crops of
the said plaintiff there growing, and other injuries to him
then and there did against the peace of the people of the
State of Michigan and to the plaintiff's damage one hundred
dollars."

The defendant pleaded in abatement "that the said Thomas East before and at the time of the commencement of the suit was part owner of and to the premises and property, etc., and valuables mentioned and described in the plaintiff's declaration, with one Durfee East," who was still living, etc. The plaintiff replied that the said Durfee East " was not at the *time of the commencement of the suit the owner* of the premises or any portion thereof," and concluded to the country.

It appears from the record that the defendant demurred and that the justice overruled the plea in abatement. The demurrer is not found in the record, and the case nowhere states what it was. The presumption is that it was directed against the replication, and that the justice went back and found that the first fault resided in the plea. The case is open to no other explanation.

The result was right. The plea was bad on its face. It did not show that any one besides the plaintiff had an interest at the time of the trespass. 1 Wentw. Pl. 67; 3 Burrill Pr. 335.

It is needless to refer to other defects. Whether it raised a question of title, and on that account could not be properly entertained without the bond provided for by the statute, is of no practical importance. After the plea in abatement was disposed of, the defendant pleaded the general issue, and the case was tried on the merits. October 18, 1878, the justice rendered judgment in favor of the plaintiff for $60 and the defendant appealed, and alleged special grounds.

The case went to trial in the circuit court on the merits and without reference to questions made before the justice, and the jury returned a verdict for the plaintiff of $40. The defendant brought error. The review which is now asked is not called for in order to settle an important question of right not capable of being measured by the amount in controversy, because there is no such question. The real contest has no greater consequence than the recovery and costs.

On the opening of the trial the defendant's counsel objected that the plea in abatement should be determined before going into the merits. The objection was overruled. It is enough to say here that as the plea was bad the defendant was not prejudiced.

It was not error to allow evidence that defendant's cows were among the animals that entered and did the mischief. This was matter collateral to the action, the substance and ground of which was the forcible entry, and no precise certainty was requisite. Comyn's Dig., Pleader (C 30); *Chamberlain v. Greenfield* 3 Wils. 292; 2 Greenl. Ev. 635*a.* Whether the animals were of one sex or the other was of no legal importance. There is no occasion to look further for an answer to the objection.

The evidence that corn which had been severed from the stalks and apples which had fallen from the trees were destroyed was properly admitted under the allegation of other wrongs committed. 1 Chitty Pl. 412, 413; 2 Greenl. Ev. §§ 268, 268*a*; Buller's N. P. 89.

There was evidence for the plaintiff that the fence separating the holdings had never been divided; but the defendant gave evidence that a division had been made by which the south half was to be supported by the plaintiff and that a piece of that strip was in fact gone during the trespasses while the rest of it was poor. Whether the portion specified as poor was equal to a lawful fence was not indicated, but there was evidence that defendant's cattle jumped over some part of the strip which according to defendant's claim the plaintiff was bound to keep up.

In regard to that part of the contention as to whether as matter of fact a division of the fence had been made, and in case there had been, then what it was, the judge charged fully and fairly, and he instructed the jury that if the plaintiff had failed to keep up his share and the cattle there entered no recovery could be had. But he also charged that the burden was on the defendant to show the fact of the division which he relied on. This was correct. As was said in *Aylesworth v. Herrington,* ' the plaintiff was *prima*

*facie* entitled to recover, and the defendant, to excuse himself under the statute, must bring himself within it.' 17 Mich. 417–424.

This disposes of every point having any color of merit. The judgment is affirmed with costs.

The other Justices concurred.